# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 05cv1137 DMS (RBB) |
|---|---|
| Plaintiff, | **ORDER RE: INTEREST CALCULATION** |
| vs. | |
| 32.42 ACRES OF LAND, et. al. | |
| Defendants. | |

On April 20, 2010, a jury fixed the amount of just compensation in this matter at $2,910,000. Pending before the Court is the parties' dispute as to the proper interest calculation on the difference between the jury award and the amount the Government deposited as estimated just compensation. The Government argues the appropriate rate is that set forth in the Declaration of Taking Act ("DT Act"), 40 U.S.C. § 3114 *et seq*. The Port District argues the DT Act rate is insufficient due to the length of time between the taking, May 31, 2005, and the verdict.

The DT Act provides, in pertinent part:

> The district court shall calculate interest required to be paid under this subchapter as follows:
>
> (1) Period of not more than one year.–Where the period for which interest is owed is not more than one year, interest shall be calculated from the date of taking at an annual rate equal to the weekly average one-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of taking.

    (2) Period of more than one year.–Where the period for which interest is owed is more than one year, interest for the first year shall be calculated in accordance with paragraph (1) and interest for each additional year shall be calculated on the amount by which the award of compensation is more than the deposit referred to in section 3114 of this title, plus accrued interest, at an annual rate equal to the weekly average one-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the beginning of each additional year.

40 U.S.C. § 3116(a). A court is not bound by the statutory interest rate if it determines "the statutory formula is constitutionally inadequate given the factual circumstances of the case." *United States v. 50.50 Acres of Land*, 931 F.2d 1349, 1355 (9th Cir. 1991). In that instance, the court must determine an "appropriate rate to be used," which is measured by what a reasonably prudent investor would receive when "investing funds so as to produce a reasonable return while maintaining safety of principal." *Id.* (quoting *United States v. 429.59 Acres of Land*, 612 F.2d 459 (9th Cir. 1980). An appropriate rate would include "a diverse group of securities, including Treasury bills." *Id.*

  The Port argues the DT Act rate does not apply when a significant amount of time has lapsed between the time of taking and the payment of just compensation. The cases cited by the Port, however, are inverse condemnation cases rather than direct taking cases, and do not require deviation from the DT Act rate simply because of the lapse of time. *See Tulare Lake Basin Water Storage Dist. v. United States*, 61 Fed. Cl. 624 (2004); *Ark. Game & Fish Comm'n v. United States*, 87 Fed. Cl. 594 (2009).

  The Port further argues that a reasonably prudent investor would not, over five years, invest in the manner contemplated by the DT Act rate. In other words, a reasonably prudent investor would not purchase a 1-year Treasury Bill and, upon expiration of that note, purchase another 1-year Treasury Bill and continue in that manner for five years. (*See* Browne Decl. ¶ 11.) Rather, a reasonably prudent investor would invest in a variety of securities having varying maturity dates in order to obtain higher interest rates. (*Id.* at ¶¶ 11-12.) The Port seeks to use either the Barclays U.S. Government: Intermediate Index or the Barclays Intermediate Government/Credit Index as the appropriate benchmark for a prudent investor standard.

  The two indices proposed by the Port would result in a higher interest payment to the Port than would the DT Act rate. Nevertheless, the DT Act rate is not constitutionally inadequate under the

1  circumstances of this case. The DT Act provides for variable interest rates, which reflect the differing
2  economic conditions over the last several years. While the Port's proposed indices outpace the DT
3  Act rate as a whole, there are times throughout the period in which the DT Act rate produced higher
4  returns than the proposed indices. (*See* U.S. Opp'n Br. at 5.) Accordingly, the Court does not find the
5  DT Act rate unreasonable or constitutionally inadequate. The parties shall submit a proposed Final
6  Judgment, in accordance with this Order, on or before August 20, 2010.

**IT IS SO ORDERED.**

DATED: August 5, 2010

_____
HON. DANA M. SABRAW
United States District Judge